United States District Court
Southern District of Texas
**ENTERED**
October 07, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **HUGO MARURI ESCOBAR,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-01606** |
| | § | |
| **WARDEN, *et al.*,** | § | |
| **Respondents.** | § | |

## ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1). Petitioner challenges his continued detention in federal immigration custody. Petitioner informed the Court that he inadvertently filed a duplicate habeas petition before the Court as a result of communication with two law firms retained to represent Petitioner in various aspects of his immigration proceedings. (Dkt. No. 7). In Petitioner's other petition, filed by separate counsel, the Court granted Petitioner's Petition and ordered that Petitioner be released from custody. (5:26-cv-1615, Dkt. No. 9). Petitioner now moves to withdraw this petition as it is duplicative. (Dkt. No. 7).

The instant petition was brought under 28 U.S.C. § 2241, which provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless . . . [sh]e is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c) (emphasis added). Generally, the Court's jurisdiction is limited to "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "A claim is moot when a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017). In the Section 2241 context, if a petitioner is not in the physical custody of immigration officials, and there are no known restrictive conditions on his liberty, then the petition is moot. *See Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733, 735 (5th Cir. 2005) (explaining that Section 2241's "in custody" requirement extends beyond physical custody to also include other restraints on liberty).

Because Petitioner has been released, the Court finds that the instant petition must be dismissed as moot. Petitioner is no longer in custody within the meaning of 28 U.S.C. § 2241(c). *See Rosales*, 426 F.3d at 735. As such, the Court finds no reason to believe that there is a live controversy remaining after Petitioner's removal, and the Court therefore has no jurisdiction.

Accordingly, Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1), is **DISMISSED as moot** because Petitioner is no longer detained**.** All other pending motions and all other relief requested by Petitioner is **DENIED as moot.**

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on October 7, 2026.

John A. Kazen
United States District Judge